IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRINK'S INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 4711 |
| | ) | |
| DONALD V. MAHONE and WILLIE COTTON, | ) | Honorable George W. Lindberg |
| | ) | |
| Defendants. | ) | |

**BRINK'S INCORPORATED'S MEMORANDUM IN OPPOSITION TO MAHONE'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY PROCEEDING ON ABSTENTION GROUNDS**

Defendant Mahone ask this Court to dismiss or stay this case under the *Colorado River*[1] abstention doctrine because Mahone has a pending action against Brink's in Illinois state court. For this doctrine to apply, however, the state the court and federal court cases must be "parallel." Here, neither the parties nor the causes of action in the two cases are the same. Thus, by definition, as explained below, the two lawsuits are not parallel and the *Colorado River* doctrine does not apply.

Even if the cases were parallel (which they are not), the Court would then have to go through a ten-part weighing test to see if there are *exceptional circumstances* to justify staying the action. The burden is on the movant to show that there is something truly exceptional for this extraordinary remedy to be employed. In the instant case, movant Mahone makes no such showing.

Accordingly, there is no reason for this Court to surrender or suspend its jurisdiction over this lawsuit. Mahone's Motion should be denied.

---

[1] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

I.  **BACKGROUND**

Basic Facts. The Chicago Police Department arrested Donald Mahone and Willie Cotton during April 2007 on charges of theft of $90,000. At the time, Mahone and Cotton were employed by Brink's. The $90,000 had been picked up by Brink's from one of its customer's facility.

The Police, after their investigation, turned the matter over to the Illinois State's Attorney's Office. A grand jury indicted Mahone and Cotton. Both men were acquitted at trial. See generally, First Amended Complaint attached to Mahone's Motion.

Mahone's State Court Lawsuit. After the criminal trial, Mahone (*but not Cotton*) filed a civil lawsuit against Brink's and two of its managerial-level employees. The two managers sued by Mahone individually are Sal Colello and Brion Levine. In his state court original complaint, Mahone asserted the following claims against the three defendants: (1) false imprisonment; (2) malicious prosecution; (3) defamation; and (4) intentional infliction of emotional distress. Mahone's amended complaint added an additional claim of alleged negligent abuse of process.

Brink's, Levine and Colello have answered, denying the claims, and asserting several affirmative defenses. Mahone and Brink's are in the middle of exchanging their initial written discovery requests,. No depositions have taken place, and no experts have been disclosed. A true and correct copy of the current state court case management schedule showing the case's preliminary status is attached as Exhibit A.

Brink's Federal Lawsuit. In its federal lawsuit, Brink's has sued both Mahone and his former co-worker, Mr. Cotton. Brink's is suing for (1) civil conspiracy relating to their theft of $90,000; (2) conversion of $90,000; and (3) breach of fiduciary duty against

2

both Mahone and Cotton for their alleged involvement in stealing from their employer and their employer's customer.

Both defendants have been served with the complaint, and both have sought to dismiss, or, alternatively, stay this case.

## II. MAHONE'S MOTION

Mahone seeks to invoke the *Colorado River* abstention doctrine to have this Court surrender or suspend the exercise of its jurisdiction over this case because of the pending state court action.

Mahone makes the following arguments in his motion to dismiss or stay:

- Mahone's state court lawsuit and this case are parallel proceedings because substantially the same parties are litigating substantially the same issues (Mot., ¶¶ 11, 13);

- The factors to be considered if this Court determines the two actions are parallel establish the "exceptional circumstances" in this case required under *Colorado River* and its progeny (Mot., ¶ 12).

These assertions by Mahone, however, are baseless.

## III. ARGUMENT

### A. There is a General but Important Presumption *Against* Abstention

Federal courts have "a virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 813. Because of this obligation, *Colorado River* abstention is only appropriate in "exceptional circumstances." *Id.* The Seventh Circuit recognizes "a general presumption against abstention." *Sverdrup Corp. v. Edwardsville Comm. Unit. School Dist. No. 7*, 125 F. 3d 546, 549-50 (7th Cir. 1997).

Brink's indisputably has a right to have claims against citizens of a different state decided by a federal district court because the amount in controversy exceeds $75,000. *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F. 3d 849, 852 (7th Cir. 2002) ("Abstention in favor of a parallel proceeding in another court is disfavored, because it deprives the plaintiff of [its] choice of forum in the likely event . . . that the effect of abstention is to make the decision in the parallel proceeding res judicata in the proceeding that has been stayed[.]").

There is nothing unusual or in any way improper about Brink's filing of a federal lawsuit related in some ways to Mahone's state court action. For nearly a century, the United States Supreme Court has recognized concurrent litigation involving questions of personal liability and has repeatedly emphasized the critical importance of federal courts exercising the jurisdiction given them by act of Congress. *Kline v. Burke Const. Co.*, 260 U.S. 226, 231 (1922) ("The construction company, however, had the undoubted right under [the diversity jurisdiction statute] to invoke the jurisdiction of the federal court and that court was bound to take the case and proceed to judgment. [The federal district court] could not abdicate its authority or duty in favor of the state jurisdiction."); *see also, Stanton v. Embrey*, 93 U.S. 548, 554 (1876) (instructing that the pendency of a suit in the federal or state court does not bar the other court's jurisdiction). Brink's federal filing was appropriate and there is no basis for abstention.

### B. The Two Actions In Question are Not Parallel

The *Colorado River* abstention analysis is a two step inquiry. The threshold step is to determine whether the state and federal lawsuits are parallel to each other. *Caminiti & Iatarol, Ltd. v. Behnke Warehousing, Inc.*, 962 F. 2d 698 (7th Cir. 1992). "Cases are

parallel if 'substantially the same parties are contemporaneously litigating substantially the same issues in another forum'." *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213(7th Cir 1988).

"The question [of parallel proceedings] is not whether the concurrent state and federal suits are formally symmetrical, for purpose of determining whether the *Colorado River* abstention doctrine applies, but **whether there is a substantial likelihood that the foreign litigation will dispose of all claims presented in the federal case**." *AAR Intern, Inc. v. Nimelias Enterprises S.A.*, 250 F. 3d 510, 517 (7th Cir. 2001) (emphasis provided). "If there is **any** substantial doubt that parallel litigation will be an adequate vehicle for the **complete** and prompt resolution of issues between the parties in the federal court action, district courts abuse their discretion if they stay or dismiss in deference to the state court action . . . **Any** doubt regarding the parallel nature of the state court suit with the concurrent federal court suit, for purpose of determining the application of the *Colorado River* abstention doctrine, should be resolved in favor of exercising federal jurisdiction." *AAR Intern*, 250 F. 3d at 517 (emphasis provided).

Here, the two actions are not and cannot be parallel. The parties are different and the causes of actions are completely different.

*The Parties are Different.* Mahone's tortured effort to invoke the abstention doctrine apparently arose from a mistaken factual predicate; in attempting to claim the two lawsuits are parallel, Mahone states: "[h]ere, *the same parties* are litigating substantially the same issues." Mahone's Motion at 3-4 (emphasis added).

However, Cotton is a defendant in the federal action but Cotton is not even a party to the state court action. *See* First Amended Complaint attached to Mahone's Motion. In

5

state court, Mahone is suing Brink's, Colello and Levine. In the federal action, Brink's is suing Mahone and Cotton. Based on the differing parties alone, the two suits are not parallel.

*The Causes of Action are Different*. The causes of action between the state and federal court lawsuits are entirely different. *Compare* the state court claims of (1) false imprisonment; (2) malicious prosecution; (3) defamation; (4) intentional infliction of emotional distress; and (5) negligent abuse of process *to* the federal suit claims of (1) civil conspiracy, (2) conversion and (3) breach of fiduciary duty. Not one cause of action in the federal suit overlaps with any cause of action in the state suit.

*The Issues are Different and Will Not be Resolved In State Court*

The issue in Mahone's state court malicious prosecution, false imprisonment, intentional infliction of emotional distress, and negligent abuse of process claims is the reasonableness of Brink's reporting Mahone's alleged theft to the police. The issue in Mahone's state court defamation claim is whether Brink's or Colello or Levine defamed Mahone by making certain alleged statements about the theft. These issues are entirely different causes of actions from Brink's federal action against Mahone and Cotton for conversion, conspiracy and breach of fiduciary duty and the state court action will not resolve the central issues now being litigated in the federal action.

For example, the state court action will not resolve: (1) whether *Cotton* stole $90,000.00 from his employer; (2) whether Cotton and Mahone conspired to carry out the February 2007 theft; (3) whether Cotton breached his fiduciary duty to his employer by stealing from it; and (4) whether Mahone and/or Cotton should pay punitive damages to Brink's for their conduct. Indeed, it is clear that the state court will not resolve the

6

central issue in this case—whether Mahone and Cotton stole the $90,000—because this is not an element of any of Mahone's causes of action. Because this issue and other material issues will **not** be decided in Mahone's state court action, the actions are definitively not parallel and *Colorado River* abstention is improper. *See Colorado River*, 424 U.S. at 819, 820 ("only the clearest justifications will warrant dismissal" of the federal action in deference to a concurrent state proceeding).[3]

Mahone also suggests that Brink's could assert its claims against Mahone in a counterclaim in the state court action. Mahone misses the point. First, whether Brink's could assert a counterclaim is irrelevant to whether the cases are, in fact, parallel, which they are not. Second, Mahone fails to acknowledge that there is no compulsory counterclaim rule in Illinois, and even if there were, controlling Seventh Circuit case law would still require that Brink's federal court action proceed. *See Dalan/Jupiter, Inc. ex rel JRC Midway Marketplace, L.P. v. Draper and Kramer, Inc.*, 865 N.E. 2d 442, 449 (1st Dist. 2007) ("We recognize counterclaims in Illinois are permissive, not mandatory"); *TruServ Corp. v. Flegles, Inc.*, 419 F. 3d 584, 593 (7th Cir. 2005) (rejecting an abstention motion where the state court's compulsory counterclaim rule would have required that the federal plaintiff assert the counterclaim in state court). Finally, Mahone ignores Brink's addition of Willie Cotton as a defendant. No counterclaim against Mahone could enable Brink's to obtain a judgment or collect on a judgment against a non-party such as Cotton. Therefore, a counterclaim against Mahone, the lone plaintiff in state court, would not resolve all the issues pending in the federal suit, so his motion fails.

---

[3] *See Fox v. Maulding*, 16 F. 3d 1079, 1081-1082 (10th Cir. 1994) ("[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have **nothing** further to do in resolving any substantive part of the case") (emphasis provided).

7

Ultimately, the Seventh Circuit's "parallel action" analysis in *TruServ Corp. v. Flegles, Inc.*, 419 F. 3d 584, 593 (7th Cir. 2005), is instructive and dispositive. In *TruServ* the similarity between the state court and federal court action could not have been more clear. In state court, a member of TruServ's "cooperative" sued TruServ for breach of contract and recission of its TruServ membership agreement due to TruServe's fraudulent misrepresentations. The member did so after having received years worth of unpaid TruServ merchandise and services under the agreement. In response to the state court action, TruServ filed a federal court complaint seeking recovery of the debt against its member and against the member's wife, who was the personal guarantor of the member's debt. The member moved to stay the federal court action on abstention grounds. In affirming the district court's refusal to abstain, the Seventh Circuit made the following pertinent observations, which are applicable here: (1) TruServ's decision to not seek its unpaid fees in the state court action does not inform the question of whether the actions are parallel and (2) because TruServe chose not to raise the fee dispute in the state court litigation, the cases are not parallel because they involve different issues, and, therefore, abstention would have been improper. There can be no doubt that like TruServ's federal court action, abstention would be improper in Brink's federal court action which involves different parties and different issues from the matter now pending against Brink's in state court.

### C. There Are No Exceptional Circumstances

Because the two cases are not parallel, there is no need or basis to reach *Colorado River's* second prong of analysis, which is to review the ten factors to see if exceptional

8

circumstances exist. However, if the factors were reviewed, it is clear that abstention is still not warranted.[4]

The first factor, whether the state assumed jurisdiction over property, harkens back to the Supreme Court's opinion in *Kline*, where it set forth the rationale for the historic rule that *in rem* proceedings are not properly the subject of concurrent lawsuits but that *in personam* proceedings do properly exist and proceed simultaneously. 260 U.S. at 229. The first factor weighs solely in Brink's favor because there is no property at issue that poses a problem of jurisdictional overlap in an *in rem* proceeding.

The second factor is the inconvenience of the federal forum. *LaDuke*, 879 F. 2d at 1559. Mahone concedes this factor also favors Brink's. (Motion, ¶ 12). This is a convenient forum; Mahone and Cotton are Chicago residents and Brink's material fact witnesses all are believed to work in the Chicagoland area.

The third factor, desirability of avoiding piecemeal litigation, also weighs in Brink's favor. The courts attempt to determine whether there is a substantial likelihood that the state litigation will dispose of **all** claims presented in the federal case. *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 567 (1983). As explained above, there are several key issues that definitively will not be resolved in the state court action.

The fourth factor inquires as to the order in which jurisdiction was obtained by the concurrent forums. Before discovery commenced in the state court case, Brink's initiated

---

[4] The ten factors are: "(1) whether the state has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592, n.2 (7th Cir. 2005)(citing *Caminiti v. Iatarola*, 962 F.2d 698, 701 (7th Cir. 1992)).

this lawsuit. So Brink's did not wait months or years to initiate its lawsuit against its former employees, it moved swiftly and appropriately.

The fifth factor, the source of governing law, does not tip to one party's favor over another. While it is true that Brink's claims in the federal action do not present federal questions, Illinois law rejects the very theory Mahone asserts in his Motion; there are no compulsory counterclaims in Illinois, so Brink's is perfectly entitled under Illinois law to file suit in federal court to attempt to recoup the money Mahone and Cotton stole.

The sixth factor, the adequacy of the state court action, falls squarely in Brink's favor. The state court lawsuit does not protect Brink's right to recover the money Cotton and Mahone stole from it, and it will not serve Brink's request for punitive measures against both defendants. The state court action would provide no relief or recourse against Cotton because he is not a party.

The seventh factor, the relative progress of state and federal proceedings, also falls in Brink's favor. Both cases are in their initial stages. Discovery can be coordinated to avoid duplicative efforts in the two proceedings.

The eighth factor, the presence or absence of concurrent jurisdiction, does not favor either party. There is concurrent jurisdiction over some portions of the two cases because of common operative facts, but many of the issues this Court has jurisdiction over are not part of the state court proceeding, including whether Cotton stole money, whether Mahone and Cotton conspired to carry out a theft and whether those acts constitute a breach of duty to their former employer.

The ninth factor, the availability of removal, falls squarely in Brink's favor. Though Mahone decided to name two individuals as defendants in his state court

complaint, he does not allege that either of those individuals acted independent of their duties at Brink's. Instead, he named the two individuals, who both reside in Illinois, to defeat diversity jurisdiction and prevent removal of the case. Brink's thus never had a chance to remove the state court action,. Nevertheless, in attempting to recoup its stolen money, Brink's is to be given the great deference given to any wronged plaintiff.

Lastly, the tenth factor favors Brink's because this is plainly not a vexatious or contrived federal claim. Brink's had two employees steal money from it while it held those funds for its customers. As explained above, Brink's has an absolute right to invoke this Court's jurisdiction to resolve its claims because there is diversity of citizenship and the amount in controversy exceeds $75,000.

In addition to the total lack of parallelism, there are no exceptional circumstances here, and there is nothing unique or improper about pursuing claims in federal court after being sued on other (different) claims in state court. *See Kline*, 260 U.S. at 229-231. The Court should deny Mahone's extraordinary request that it suspend or surrender its jurisdiction over Brink's claims. *See Schneider Nat'l Carriers, Inc. v. Carr*, 903 F. 2d 1154 (7th Cir. 1990) (holding that trial court was well within discretion to deny abstention in traffic accident case involving identical operative facts).

IV. **CONCLUSION**

For these reasons, Mahone's Motion should be denied and he should be ordered to expeditiously answer Brink's Complaint so this case can proceed without further delay.

<div style="text-align: right;">

Respectfully submitted,

**BRINK'S INCORPORATED**

</div>

Date: September 23, 2008          By: /s/ Timothy L. Binetti

<div style="margin-left: 50%;">

Edward A. Cohen
Todd A. Rowden
J. David Duffy
Timothy L. Binetti
THOMPSON COBURN LLP
55 E. Monroe St.
Chicago, IL 60603

</div>