# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Brink's Incorporated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 4711 |
| -vs- ) | |
| ) | Senior U.S. District Judge |
| ) | GEORGE W. LINDBERG |
| Donald V. Mahone, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Defendants Mahone and Cotton have moved to dismiss or stay these proceedings pursuant to the *Colorado River* abstention doctrine. Because the defendant Mahone's state court case and plaintiff's federal court case are not parallel, defendant Mahone's motion is denied. Because defendant Cotton is not a party in any pending state suit, his motion is also denied.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Further, the Seventh Circuit recognizes "a general presumption against abstention." *Sverdrup Corp. v. Edwardsville Comm. Unit. School Dist. No. 7*, 125 F.3d 546, 549-550 (7th Cir. 1997). Plaintiff has a right to bring its case in federal court having met the jurisdictional requirements of diversity and amount in controversy. *Kline v. Burke Const. Co.*, 260 U.S. 226, 231 (1922). Pendency of a state court action is no bar to proceedings concerning the same matter in federal court. *Colorado River*, 424 U.S. at 817.

Even so, a district court may abstain based on the *Colorado River* doctrine under exceptional circumstances. First, a district court may abstain from a case if there are parallel

08 C 4711

concurrent proceedings in state court. *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). If the proceedings are found to be parallel, the court will weigh the factors under the *Colorado River* doctrine warranting a dismissal or a stay. *Id at 701.*

In order for state and federal proceedings to be parallel, the litigating parties must be "substantially the same" and must be "contemporaneously litigating substantially the same issues." *Medema v. Medema Builders, Inc.*, 854 F.2d 210, 213 (7th Cir. 1988). Parallel proceedings are those in which "there is a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" *AAR Intern, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). Moreover, any doubt over whether the state and federal proceedings are indeed parallel should be resolved in favor of exercising federal jurisdiction. *Id.* at 517.

The proceedings in this case and the proceedings in defendant Mahone's state court case are not parallel. Neither the parties nor the issues being litigated are substantially the same, so abstention based on the *Colorado River* doctrine is inappropriate.

In this case, plaintiff Brink's Incorporated is suing defendants Donald Mahone and Willie Cotton. In defendant Mahone's state court case, Mahone alone is suing Brink's Incorporated, Brion Levine, and Salvatore Colello. While defendant Cotton in his motion asserts that he "expects that he will either be joined as a third party in the pending state suit or will soon file his own suit and seek to have the two consolidated," the absence of Willie Cotton from the state court case means that the state court case and federal court case do not at this time have substantially similar parties.

2

08 C 4711

Regardless of whether the parties in the two cases might become substantially similar in the future, the state court case cannot dispose of all claims presented in the federal case. There is no overlap in the two cases' causes of action. Mahone's state court case includes claims of 1) false imprisonment, 2) malicious prosecution, 3) defamation of character, 4) intentional infliction of emotional distress, and 5) gross negligence, while this case considers claims of 1) civil conspiracy, 2) conversion, and 3) breach of fiduciary duty. While some of the claims in this case might have been brought as counterclaims, in Illinois counterclaims are permissive and not mandatory. *See Dalan/Jupiter, Inc. ex rel JRC Midway Marketplace, L.P. v. Draper and Kramer, Inc.*, 865 N.E. 2d 442, 449 (Ill.App. 2007). At the present time, defendant Mahone's state court case and this case are not litigating the same issues and there is no reason to believe that the state ligation will dispose of the claims in this case.

Defendants Mahone and Cotton misapprehend the meaning of parallel proceedings in their respective motions. In order for two cases to be parallel the parties must be substantially the same. *Medema,* 854 F.2d at 213. If and when defendant Cotton is joined in defendant Mahone's state court claim, then the parties will have become substantially similar; currently, however, the parties are not. Defendant Cotton cites no case law showing that the potentiality for parties to become substantially similar is the legal equivalent of actually substantially similar parties. Further, for two cases to be parallel, there must be a substantial likelihood that the state case will dispose of all claims in the case before the federal court. *AAR Intern, Inc.*, 250 F.3d at 518. None of plaintiff Brink's claims are being litigated in state court at this time. Therefore, the two proceedings are not parallel.

08 C 4711

Since the threshold prong of the *Colorado River* abstention doctrine has not been met, there is no occasion to determine whether the exceptional circumstances necessary for abstention exist in this case.

**ORDERED:** Defendant Mahone's motion to dismiss or alternatively stay proceedings on abstention grounds [9] and defendant Cotton's motion to dismiss or alternatively stay proceedings on abstention grounds [13] are denied.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 8, 2008